MC–275

Name: ZHANG FAN

Address: 10250 RANCHO RD

ADELANTO CA 92301

LODGED       FILED

2017 OCT 16  PM 12: 30   2017 OCT 16  PM 4: 35

CDC or ID Number: A#098155872

CLERK U.S. DISTRICT COURT   CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.   CENTRAL DIST. OF CALIF.
RIVERSIDE   RIVERSIDE

U.S. DISTRICT COURT   BY

RIVERSIDE CA

(Court)

---

ZHANG FAN

Petitioner

vs.

DEPARTMENT OF HOMELAND SECURITY

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

ED CV17-02124 JFW (KS)

No.

530   (fee Due)

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal and you are an attorney, file the original and 4 copies of the petition and, if separately bound, 1 set of any supporting documents (unless the court orders otherwise by local rule or in a specific case). If you are filing this petition in the Court of Appeal and you are *not* represented by an attorney, file the original and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2010]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 8.380
*www.courtinfo.ca.gov*

**MC–275**

**This petition concerns:**

- ☐ A conviction
- ☐ Parole
- ☐ A sentence
- ☐ Credits
- ☐ Jail or prison conditions
- ☐ Prison discipline
- ☑ Other *(specify):* __Release from custody / unable to obtain the travel documents__

1. Your name: __ZHANG FAN__

2. Where are you incarcerated? __ADELANTO (DHS / ICE) DETENTION CENTER__

3. Why are you in custody? ☐ Criminal conviction   ☑ Civil commitment

   *Answer items a through i to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   __REMOVAL PROCEEDINGS__

   b. Penal or other code sections: __ACTIVE__

   c. Name and location of sentencing or committing court: __ADELANTO (DHS / ICE) DETENTION CENTER__

   __10250 RANCHO RD ADELANTO CA 92301__

   d. Case number: __A#098155872__

   e. Date convicted or committed: _____

   f. Date sentenced: __ACTIVE__

   g. Length of sentence: __ACTIVE__

   h. When do you expect to be released? __ACTIVE__

   i. Were you represented by counsel in the trial court? ☐ Yes   ☑ No   *If yes, state the attorney's name and address:*

4. What was the LAST plea you entered? *(Check one):*

   ☐ Not guilty   ☐ Guilty   ☐ Nolo contendere   ☑ Other: __ACTIVE__

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

MC–275

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

UNABLE TO OBTAIN THE TRAVEL DOCUMENTS / RELEASE FROM CUSTODY

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

VERIFIED PETITION FOR WRIT OF HABEAS CORPUS

EXHIBIT: 105A / ATTACHED

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

EXHIBIT: (B) ATTACHED

7. **Ground 2 or Ground** _____ *(if applicable):*

 

 

 

 

a.  Supporting facts:

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

b.  Supporting cases, rules, or other authority:

 

 

 

 

 

**PETITION FOR WRIT OF HABEAS CORPUS**

**MC–275**

8. Did you appeal from the conviction, sentence, or commitment?   ☐ Yes   ☑ No      <u>If yes, give the following information:</u>

 a.  Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):

 _____

 b.  Result: _____   c.  Date of decision: _____

 d.  Case number or citation of opinion, if known: _____

 e.  Issues raised:  (1)  _____

   (2)  _____

   (3)  _____

 f.  Were you represented by counsel on appeal?   ☐ Yes   ☐ No   <u>If yes, state the attorney's name and address, if known:</u>

 _____


9. Did you seek review in the California Supreme Court?  ☐ Yes   ☑ No      <u>If yes, give the following information:</u>

 a.  Result: _____   b.  Date of decision: _____

 c.  Case number or citation of opinion, if known: _____

 d.  Issues raised:  (1)  _____

   (2)  _____

   (3)  _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

 _____

 _____


11. Administrative review:

 a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500.)  Explain what administrative review you sought or explain why you did not seek such review:

 _____

 _____

 _____

 _____

 _____

 _____

 _____

 _____

 b.  Did you seek the highest level of administrative review available?   ☐ Yes   ☑ No
   *Attach documents that show you have exhausted your administrative remedies.*

MC–275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes   *If yes, continue with number 13.*   ☑ No   *If no, skip to number 15.*

13. a. (1) Name of court: _____

      (2) Nature of proceeding (for example, "habeas corpus petition"): _____

      (3) Issues raised: (a) _____

                        (b) _____

      (4) Result *(attach order or explain why unavailable):* _____

      (5) Date of decision: _____

   b. (1) Name of court: _____

      (2) Nature of proceeding: _____

      (3) Issues raised: (a) _____

                        (b) _____

      (4) Result *(attach order or explain why unavailable):* _____

      (5) Date of decision: _____

   c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

_____

_____

16. Are you presently represented by counsel? ☐ Yes   ☑ No   *If yes, state the attorney's name and address, if known:*

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes   ☑ No   If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 10 – 10 – 17   ▶ _____

(SIGNATURE OF PETITIONER)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Zhang Fan,
A# 098155872

Petitioner,

United States Department of Homeland Security,
United States Immigration and Customs
Enforcement , (ICE) , et al.,

Respondents,

VERIFIED PETITION FOR WRIT
OF HABEAS CORPUS

**Exhibit : 105A / ATTACHED**

Zhang Fan A#98155872 / W2-B-107-2U / 10250 Rancho Rd  Adelanto CA 92301

1

**Exhibit 105A:  Petition for a Writ of Habeas Corpus and releasing  From Detention**

Petitioner, Zhang Fan  appearing pro se, hereby petitions this Court for a writ of habeas corpus and seeks declaratory and injunctive relief to review the lawfulness of his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") for more than six months because ICE has been unable to obtain the travel documents necessary to deport him to China. In support of this Petition and Complaint, petitioner alleges as follows:

CUSTODY

1.  X    Petitioner is in the physical custody of respondents and detained at the Adelanto Detention Center 10250 Rancho Rd. Adelanto CA 92301, pursuant to a contractual agreement with the Department of Homeland Security.


JURISDICTION

2.  X    This action arises under the United States Constitution, the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1101 et seq. (the "Act"), and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (the "APA").


3.  X    Jurisdiction exists in this Court pursuant to 28 U.S.C. § 2241 et seq., 28 U.S.C. § 1331, the APA, 5 U.S.C. § 701 et seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1361.


4.    Petitioner has exhausted any and all administrative remedies to the extent required by law.


VENUE

5.  X   Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the District of California, the judicial district in which petitioner is currently detained.

PARTIES

6.  X    Petitioner is a native and citizen of China. Petitioner was first taken into the respondents' custody on 01-11-2017 , and has remained in their custody continuously since that date.


7.  X    Respondent-defendant ,United States Department of Homeland Security, is sued in his official capacity as the Officer-in-Charge at the Adelanto Facility Processing Center. In this capacity he maintains responsibility over the day-to-day operations at Adelanto, Processing Center, where petitioner

is presently detained by ICE.

8. X   Respondent-defendant United States Department of Homeland Security,is sued in his official capacity as the Field Operations Director, Adelanto, California, for ICE DRO. As such, he is the designee of the Acting Director of ICE DRO for the Adelanto district, including jurisdiction of detainees held in Adelanto detention facility.

9. X   Respondent-defendant  United States Department of Homeland Security, is sued in his official capacity as Acting Director of ICE DRO. In this capacity, he manages the detention and removal of ICE detainees and oversees law enforcement officers and support personnel used by ICE.

10. X   Respondent-defendant United States Department of Homeland Security, is sued in her official capacity as the Assistant Secretary of ICE. In this capacity she is responsible for the administration and enforcement of all the functions, powers, and duties of ICE. She is also a legal custodian of petitioner.

11. X   Respondent-defendant Michael Chertoff is sued in his official capacity as Secretary of the Department of Homeland Security. In this capacity he is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103(a) and has ultimate custodial authority over petitioner.

FACTS

12. X   Petitioner, Zhang Fan, is a native and citizen of  China.

13. X   Petitioner first entered the United States on or about March ,2008.

14.     Petitioner (Choose one)

   entered without inspection.

   entered with a visa and overstayed.

 X   entered as a lawful permanent resident or adjusted to a lawful permanent resident

   entered as an a refugee or was granted asylum.

other (specify) _____

15.    An Immigration Judge (Choose one)

X   ordered the petitioner removed/deported/excluded on September 14,2017 on the grounds that s/he

entered without inspection.

was inadmissible.

entered with a visa and overstayed.

X   had been convicted of a crime which constituted a removable offense pursuant to INA § 237 or
212.  (not 212)

granted voluntary departure on [date of IJ decision]. Petitioner did not depart the United States as
required so that the voluntary departure order became a final order of removal/deportation/exclusion as
a matter of law on that date.

16.    (Choose one)

X   Petitioner waived his right to appeal, thereby making the removal/deportation/exclusion order
final as of the date of the immigration judge's decision.

X   The immigration judge ordered petitioner removed/deported/excluded in absentia, thereby making
the removal/deportation/exclusion order final as of the date of the immigration judge's decision.

X   Petitioner reserved but did not file an appeal from the immigration judge's order of removal with
the Board of Immigration Appeals, thereby making the removal order final 30 days from the date of the
immigration judge's decision.

Petitioner's appeal was denied by the Board of Immigration Appeals on [date of BIA decision]
thereby making the removal order final as of the date of the Board's decision.

Petitioner's petition for review to the United States Court of Appeals was denied on [date of Court

Zhang Fan A#98155872 / W2-B-107-2U / 10250 Rancho Rd  Adelanto CA 92301
4

of Appeals decision] thereby making the order final 30 days from the date of the Court of Appeals' decision.

17.  X   Petitioner was taken into custody by ICE on 01-11-2017 and has been in the custody of ICE for more than six months since his/her removal/deportation/exclusion order became final.

18.  X   Petitioner has cooperated fully with all efforts by ICE to remove petitioner from the United States. Specifically, petitioner:

has provided identity documents.

has provided necessary biographical information.

applied for travel documents with his/her embassy or consulate.

X   complied with all demands of ICE.

Tried but was unable to provide identity documents because [explain why you do not have documents]

_____ _____
_____
_____
_____
_____

19.  X   To date, however, ICE has been unable to remove petitioner to China or any other country.

20.  X   Petitioner's 180 day Custody Review by the Department of Homeland Security Headquarters Post-Order Detention Unit ("HQPDU") in Washington, D.C. was conducted on or about [corresponding date] (Choose one)

at which time petitioner's release from custody was denied. (A copy of that decision is attached.)

but petitioner has not received a decision.

21.  X   If released, petitioner will reside at 1919 Strathmore Ave San Gabriel ca 91776.

Zhang Fan A#98155872 / W2-B-107-2U / 10250 Rancho Rd  Adelanto CA 92301

22.   X    Additionally, (Use this space to provide any additional important information such as the reason why you think that you cannot be removed to your country or should be released from custody)

I can't removed to my country because my country don't provide travel documents to the people have a criminal history or personal record  I have a crime record 3 felonies they are felonies aggravated but not violent all my felonies apply to the new law under PRO-47 and PRO-57 , my 3 felonies now are a misdemeanors under the new law

(Detention in Violation of the Statute and Regulations)

23.    Petitioner repeats and re-alleges the allegations contained in paragraphs 1 through 19 above as though set forth fully herein.

24.   X    Section 241 of the Immigration and Nationality Act permits the detention of an alien with a final order of removal for a period of 90 days. Beyond the statutory period, the Supreme Court has held that six months is a presumptively reasonable period of detention for the government to effect removal. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Once six months have passed, the alien must be released if there is no reasonable likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 699-700. In this case, ICE has detained petitioner for more than six months since the issuance of his final order of removal.

25.   X    No special circumstances exist to justify petitioner's continued detention:

a.   X   Petitioner is not an alien with a "highly contagious disease posing a danger to the public." See 8 C.F.R. § 241.14(b).

b.   X    Petitioner's release would not cause "serious adverse foreign policy consequences." See 8 C.F.R. § 241.14(c)(1)(ii). There is no indication that Petitioner's release would have "serious adverse" foreign policy consequences.

c.  X    Petitioner was never and is not now detained on account of security or terrorism concerns. See 8 C.F.R. § 241.14(d)(1).

d.   X    Petitioner has not committed a violent crime as defined in 18 U.S.C. § 16 as would classify him as "specially dangerous." See 8 C.F.R. § 241.14(f)(1). His/her release therefore would not pose a special danger to the public. See 8 C.F.R. § 241.14(f).

26.  X    Because there is no significant likelihood of removal in the reasonably foreseeable future, and because none of the special circumstances exist here to justify petitioner's continued detention, petitioner must be released under ICE supervision.

Zhang Fan A#98155872 / W2-B-107-2U / 10250 Rancho Rd  Adelanto CA 92301

COUNT TWO

(Substantive Due Process Violation)

27.    Petitioner repeats and re-alleges the allegations set forth in paragraphs 1 through 19 as though set forth fully herein.


28.  X    As a person in the United States, petitioner is protected by the Due Process Clause of the Fifth Amendment. ICE has detained petitioner for more than six months since the issuance of his final order of removal. There is no significant likelihood that petitioner's removal will occur in the reasonably foreseeable future. Petitioner does not pose a danger to the community or a risk for flight, and no special circumstances exist to justify his continued detention. As Petitioner is not dangerous, not a flight risk, and cannot be removed, his indefinite detention is not justified and violates substantive due process. See Zadvydas, 533 U.S. at 690-91.


PRAYER FOR RELIEF

WHEREFORE, petitioner prays that this Honorable Court to grant the following relief:

1.    Issue an Order:


a.    Declaring that petitioner's continued detention is not authorized by the INA and/or violates the Fifth Amendment;


b.  X    Granting this petition for a Writ of Habeas Corpus and releasing petitioner under an order of supervision;


2.  X   Grant any other and further relief this Court may deem appropriate.

I affirm, under penalty of perjury, that the foregoing is true and correct.

_____

(sign your name)

                         Zhang Fan

Petitioner _____

                         (print your name)

(today's date)_____ _10 - 10 - 17_____

  A#098155872

_____  _____

(your alien number)

10250 Rancho Rd  Adelanto CA 92301
_____

_____

(use these two lines to write your mailing address)

# **Exhibit 105A**

1
2
3      ***PETITION FOR WRIT OF HABEAS CORPUS***
4
5
6
7
8                # EXHIBIT ( A)
9
10
11     Section 241 of the Immigration and Nationality Act permits the detention of an alien with a final
       order of removal for a period of 90 days. Beyond the statutory period, the Supreme Court has held
12     that six months is a presumptively reasonable period of detention for the government to effect
13     removal. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Once six months have passed, the alien
       must be released if there is no reasonable likelihood of removal in the reasonably foreseeable
14     future. Zadvydas, 533 U.S. at 699-700. In this case, ICE has detained petitioner for more than six
15     months since the issuance of his
        final order of removal.
16
17
18     As a person in the United States, petitioner is protected by the Due Process Clause of the Fifth
19     Amendment. ICE has detained petitioner for more than six months since the issuance of his final
       order of removal. There is no significant likelihood that petitioner's removal will occur in the
20     reasonably foreseeable future. Petitioner does not pose a danger to the community or a risk for
21     flight, and no special circumstances exist to justify his continued detention. As Petitioner is not
       dangerous, not a flight risk, and cannot be removed, his indefinite detention is not justified and
22     violates substantive due process. See Zadvydas, 533 U.S. at 690-91.
23
24
25
26
27
28

1

ZHANG FAN / A#098155872 / W2-B-107-2U / 10250 RANCHO RD ADELANTO CA 92301

*PETITION FOR WRIT OF HABEAS CORPUS*

# EXHIBIT (B)

When a final order of deportation under administrative processes is made against any alien, the Attorney General shall have a period of six months from the date of such order, or, if judicial review is had, then from the date of the final order of the court, within which to effect the alien's departure from the United States ... . Any court of competent jurisdiction shall have authority to review or revise any determination of the Attorney General concerning detention, release on bond, or other release during such six-month period upon a conclusive showing in habeas corpus proceedings that the Attorney General is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to effect such alien's departure from the Untied States within such six-month period.

When Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (``IIRIRA''), Pub. L. No. 104-208, 110 Stat. 3009-546, it shortened the removal period from six months to 90 days and eliminated any reference from the INA to a requirement that the Attorney General proceed with ``reasonable dispatch'' in effecting an alien's deportation. Congress seems to have viewed its newly-established 90-day time frame as a per se reasonable period of time in which to effect an alien's deportation, rendering judicial inquiry into the dispatch with which the Attorney General performed the duty unnecessary. Neither the text of the statute nor its legislative history provides any reason to believe that Congress intended to impose on the Attorney General an implicit requirement that he remove aliens from the country as quickly as possible within the 90-day removal period.

In Zadvydas, the Supreme Court held that the Constitution required reading an implicit limitation into section 241(a)(6) of the INA, 8 U.S.C. § 1231(a)(6), restricting the detention of an alien beyond the 90-day removal period ``to a period reasonably necessary to bring about that alien's removal from the United States.'' 533 U.S. at 689. The Court read this limitation into the statute because, in its view, ``[a] serious constitutional problem [would arise] out of a statute that ... permits an indefinite, perhaps permanent, deprivation of human liberty without any [procedural] protection.'' Id. at 692. Thus, the Court ruled that if a habeas court determines that ``removal is not reasonably foreseeable [during post-removal-period detention], the court should hold continued detention unreasonable and no longer authorized by statute.'' Id. at 699-700.

More important, the Zadvydas Court expressly held that the detention of an alien for a period of up to six months is presumptively constitutionally reasonable and does not violate substantive due process constraints. See Zadvydas, 533 U.S. at 701. If detention for a period of six months to effect removal is presumptively reasonable and does not violate an alien's substantive due process rights, it follows a fortiori that detention during the shorter 90-day removal period cannot be constitutionally problematic. See Borrero v. Aljets, 178 F. Supp. 2d 1034, 1039 (D. Minn. 2001) (``Zadvydas confirms that a legally admitted alien can always be

detained during the 90-day `removal period' contemplated by the statute. But after that, the Court held, the alien can be held for only a `reasonable period,' which is presumed to be six months ... ."). Where conduct that

`shocks the conscience'' is the ultimate touchstone for constitutional analysis, if six months' detention is reasonable, detention for 90 days is simply below the threshold for substantive due process constitutional concerns. Indeed, Zadvydas makes the constitutionality of detention during the 90-day removal period even clearer than this, because the six-month ``presumptively reasonable'' period established by that decision may very well not begin to run until after an alien has already been detained for the 90-day removal period. 2. Substantive due process constraints thus do not afford any basis for reading a ``reasonable dispatch'' requirement into section 241(a)(1)(A).

Doherty v. Thornburgh, 943 F.2d 204, 209 (2d Cir. 1991) (citations omitted), cert. dismissed, 503 U.S. 901 (1992). Thus, the Second Circuit considers the detention of an alien prior to removal to be constitutionally permissible unless the alien can show that ``his continuing detention was the result of an `invidious purpose, bad faith or arbitrariness.''' Ncube v. INS, No. 98 Civ. 0282 HB AJP, 1998 WL 842349, at *16 (S.D.N.Y. Dec. 2, 1998), citing Doherty, 943 F.2d at 212. Especially where the Supreme Court has already established that detention of an alien for a period of six months is presumptively constitutionally reasonable, detention for a period of 90 days in itself cannot possibly satisfy that exacting standard for establishing a violation. Thus, lower court decisions that have examined the substantive due process implications of pretrial detention do not call into question our conclusion that the Constitution does not require that the Attorney General act with reasonable dispatch during the 90-day removal period.

Zadvydas does not make it clear whether the six month ``presumptively reasonable'' period begins at the end of, or encompasses, the 90-day removal period. Zadvydas, 533 U.S. at 700-01. The lower courts appear to be split on the issue. Compare Borrero v. Aljets, 178 F. Supp. 2d 1034, 1040-41 (D. Minn. 2001) (``As interpreted by the Supreme Court in Zadvydas, § 1231(a)(6) authorizes the INS to detain aliens for six months after the expiration of the 90-day removal period.") (emphasis added) with Malainak v. INS, No. 3-01-CV-1989-P, 2002 WL 220061 at *2 (N.D. Tex. Feb. 11, 2002) (``the Court opined that a presumptively reasonable period of detention was between the ninety days provided for by the IIRIRA and six months") (emphasis added). In November 2001, the Department issued regulations reflecting an assumption that the presumptively reasonable six-month period from Zadvydas includes the 90-day removal period. See 8 C.F.R. § 241.13(b)(2)(ii) (2002). The choice to treat the six-month period in that fashion in the regulation, of course, is not definitive on constitutional requirements for measuring the six-month period.

*In Zadvydas, the Court made clear that the central concern informing its constitutional analysis was that the detention it was addressing was ``not limited, but potentially permanent.'' 533 U.S. at 691. See also id. at 692 (stressing the ``indefinite, perhaps permanent deprivation of human liberty'' at stake). The 90-day removal period, by contrast, is of a fixed and relatively short duration. Indeed, the Zadvydas Court expressly distinguished detention during the 90-day removal period from the detention it was addressing on precisely this ground, stating that ``importantly, post-removal-period detention, unlike detention pending a determination of*

ZHANG FAN / A#098155872 / W2-B-107-2U / 10250 RANCHO RD ADELANTO CA 92301

2

5
6
7
8
9
10

*removability or during the subsequent 90-day removal period, has no obvious termination point." Id. at 697. At least one lower court has ruled that Zadvydas is inapplicable to the 90-day removal period on precisely these grounds. Shehata v. Ashcroft, No. 02 CIV. 2490(LMM), 2002 WL 538845 at \*2 (S.D.N.Y. April 11, 2002) (``Here, on theother hand, the 90 day period is quite limited in time, and serves a rational purpose, to allow INS to effect removal of a person already determined to be removable.''); see also Badio v. United States, 172 F. Supp. 2d 1200, 1205 (D. Minn. 2001) (``Zadvydas does not apply to petitioner's claim because pre-removal-order proceedings do have a termination*

11
12
13
14
15
16
17
18
19

*The Zadvydas Court found it especially significant that Congress shortened the relevant removal period from six months to ninety days, stating that ``[we] have reason to believe ... that Congress previously doubted the constitutionality of detention for more than six months.'' 24. The Court determined that § 241 of the INA must be construed ``to contain an implicit `reasonable time' limitation,'' 25.  permitting detention after the ninety-day removal period only if it is ``reasonably necessary to bring about that alien's removal from the United States.'' 26. Considering the constitutional interests at stake, the Court concluded that ``once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute.'' 27. Furthermore, finding detention beyond six months to be presumptively unreasonable, the Court ruled that after that time, once a detainee demonstrates ``good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.*

20
21
22
23
24
25
26
28

*In Demore v. Kim, the Supreme Court distinguished detention under INA § 236(c), which ``prevent[s] ... deportable criminal aliens from fleeing prior to or during their removal proceedings,'' from the post-removal order detention under INA § 241 addressed in Zadvydas v. Davis. 33.  The Court found that, ``under § 1226(c), not only does [pre-removal order] detention have a definite termination point, in the majority of cases it lasts for less than the 90 days [] considered presumptively valid in Zadvydas.'' 34.  ``In sum,'' the Court stated, ``the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal.'' 35.  Therefore, the Court ruled that ``the government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings.*

1
2
3
4
5
6

*It is important to recognize the relation between presumptively reasonable detention and the absence of individual hearings in both the pre-removal-period and removal-period statutory schemes. For example, as discussed previously, the Zadvydas Court attempted to relieve the lower courts of individual determinations. 44.  Likewise, the Kim decision conveys expressly that ``[w]hen Congress imposed mandatory detention through section 236(c), it was effectively saying that the risk ... [of noncompliance and dangerousness from some noncitizens] justifies detaining all aliens in that category, even those who do not actually pose either risk [of flight or danger].'' 45.  The Supreme Court upheld the denial of individual consideration to criminal aliens ``pending a determination of removability,'' finding that the detention in question was reasonably related to the immigration law purpose of obtaining a determination, and involved a fixed period of time ranging from one to six months. 46.  Put another way, the agency ``may detain prima facie removable aliens for a time reasonably required to complete removal*

7
8
*proceedings in a timely manner" without examining actual flight risk or dangerousness to the community.*

9

10
11
12
13
14
15
*Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491,150 L. Ed. 2d 653 (2001) (while alien removal proceedings are underway, most aliens may be released on bond or paroled; after entry of final removal order and during 90-day removal period, aliens must be held in custody; subsequently, government may continue to detain alien or release that alien under supervision). But see Bi Zhu Lin v. Ashcroft, 183 F. Supp. 2d 551 (D. Conn. 2002) (defendant's fundamental liberty interests violated by denial of bond based on alien status); Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015) (court construed statutory scheme to require a bond hearing after six months of detention under § 1225(b)).*

16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

DATAINED

**Petitioner,**

Zhang Fan                                          ALIEN No.  A#098155872

_____

**Respondent,**

  U.S. DISTRICT COURT
  3470 12TH ST
  RIVERSIDE CA 92501

I served a copy of the attached  document  and any attached pages by mailing a copy by first class mail, postage prepaid to the following addresses:

  U.S. DISTRICT COURT
  3470 12TH ST
  RIVERSIDE CA 92501

Date:  _10 - 10 - 17_____                          Respectfully Submitted,


_____
              Defendant, Zhang Fan
       C/O ICE Custody Adelanto Facility
        10250 Rancho Road Facility West
           Adelanto, CA 92301

                      Attachments,

2B - 187-24

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA 92301


ZHANG, FAN
ADELANTO DETENTION CENTER
10250 RANCHO ROAD
ADELANTO, CA 92301

IN THE MATTER OF          FILE A 098-155-872          DATE: Sep 14, 2017
ZHANG, FAN

___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

✓ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
MUST BE MAILED TO:     BOARD OF IMMIGRATION APPEALS
                       OFFICE OF THE CLERK
                       5107 Leesburg Pike, Suite 2000
                       FALLS CHURCH, VA 22041

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                       IMMIGRATION COURT
                       10250 RANCHO RD., SUITE 201A
                       ADELANTO, CA 92301

✓ OTHER: order _____

                                        _____
                                        COURT CLERK
                                        IMMIGRATION COURT                    FF

CC: Betz, Mr. Philip J., Jr.
    10250 Rancho Road
    Adelanto, CA, 92301

## ORDERS

**IT IS HEREBY ORDERED** that Respondent's application for asylum pursuant to Section 208 of the INA be **PRETERMITTED**.

**IT IS FURTHER ORDERED** that Respondent's application for withholding of removal pursuant to Section 241(b)(3)(A) of the INA be **PRETERMITTED**.

**IT IS FURTHER ORDERED** that Respondent's application for protection pursuant to the CAT be **DENIED**.

**IT IS FURTHER ORDERED** that Respondent be **REMOVED** to **CHINA** based upon the charge contained in the NTA.

**IT IS FURTHER ORDERED** that the hearing currently scheduled for September 22, 2017 for issuance of the written decision be **VACATED**.

**DATE:** _9/12/2017_

Amy T. Lee
**Immigration Judge**

**Appeal Rights:** Both parties have the right to appeal the decision in this case. Any appeal is due at the Board of Immigration Appeals within thirty (30) calendar days of the mailing of this decision. 8 C.F.R. § 1003.38.

---

### CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:  MAIL (M)        PERSONAL SERVICE (P)
TO: (  ) ALIEN  (P) ALIEN c/o Custodial Officer  (  ) ALIEN'S ATT/REP  (P) DHS

DATE: _9/14/17_      BY COURT STAFF: _____
Attachments: (  ) EOIR-33   (  ) EOIR-28   (  ) Legal Services List   (  ) Other

ZHANG FAN
A#098155872/W2-B-107-2U
10250 RANCHO RD.
ADELANTO, CA. 92301



OCT 1 6 2017

Legal mail

U.S. DISTRICT COURT
3470 12TH ST.
RIVERSIDE, CA. 92501