UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ZHANG FAN,

    Petitioner,

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, et al.,

    Respondent.

NO. EDCV 17-2124-JFW (KS)

ORDER: DISMISSING PETITION WITHOUT PREJUDICE

## INTRODUCTION

On October 16, 2017, Petitioner, an immigration detainee proceeding *pro se*, filed a verified Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") in the Central District of California. (Dkt. No. 1). In the Petition, Petitioner contended that his pre-removal detention in California by U.S. Immigration and Customs Enforcement ("ICE") violated federal law and the U.S. Constitution because he had been held for more than six months since the issuance of a final order of removal, no special circumstances justify his continued detention, and there was no significant likelihood that Petitioner would be removed in the reasonably foreseeable future. On December 4, 2017, Respondent filed a Motion to Dismiss stating the Petition was premature since the Immigration Court's order of

1

removal of Petitioner was issued on September 14, 2017. ("Motion"). (Dkt. No. 6.) Respondent requested a continuance of the filing deadline for Petitioner to respond to the Motion because Petitioner received it ten days after it was filed. (Dkt. No. 7.) The Court granted the request and ordered Petitioner to file an Opposition to the Motion no later than January 13, 2018. (Dkt. No. 8.) On January 29, 2018, the Court issued an Order to Show Cause why the Petition should not be dismissed for failure to prosecute since Petitioner had failed to file an Opposition to the Motion. (Dkt. No. 9.) More than a month has now passed since Petitioner's deadline for responding to the Court's Order to Show Cause and Petitioner has not filed an Opposition to the Motion or communicated with the Court regarding his case.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions "if the plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)(citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Petitioner has declined to participate in the litigation concerning his Petition for the past three months, and he ignored this Court's January 29, 2018 Order requiring him to show cause why the Petition should be allowed to proceed. Petitioner's noncompliance with this Court's Order and his

failure to communicate with this Court hinders the Court's ability to move the Petition toward disposition. More significantly, it indicates that Petitioner does not intend to litigate this action diligently. Accordingly, allowing the Petition to remain on the Court's docket is unlikely to result in its resolution on its merits.

The third factor – prejudice to Respondent – also counsels in favor of dismissal. The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). The passage of more than three months in this case since Respondent filed the Motion to Dismiss is an unreasonable delay. Respondent has actively sought dismissal of this case on the ground that it was filed prematurely, and Petitioner has failed to oppose in any way. (Dkt. No. 6.) While a presumption of prejudice can be rebutted by a non-frivolous explanation, Petitioner has not provided a non-frivolous explanation and he has not communicated with the Court since he filed the Petition. *See In re Eisen*, 31 F.3d at 1453. Although Petitioner is *pro se* in this matter, that does not excuse his unreasonable delay as he is still subject to federal and local rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 838 (1995). Many habeas petitions are brought by *pro se* prisoners who comply with filing requirements and deadlines. Because there is unreasonable delay in Petitioner's filing of an Opposition to Respondent's Motion to Dismiss, prejudice to Respondent is presumed and this factor weighs in favor of dismissing this action.

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Petitioner the opportunity to explain why the Petition should be allowed to proceed. Petitioner declined to do so, despite being expressly cautioned that his failure to respond could result in dismissal. Thus, the Court has explored its only meaningful alternative to dismissal and found that it was not effective. *See Henderson v. Duncan*, 779 F.2d 1421,

1424 (1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are no longer appropriate for the Petition.

Even the fifth factor, the general policy favoring resolution of cases on the merits, favors dismissal in this case because an unopposed suggestion that this Petition is premature would compel dismissal even if Petitioner's failure to prosecute would not. Further, it is the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not communicated with this Court since he filed the Petition. In view of Petitioner's silence in this action, it does not appear that the Court's retention of the Petition would increase the likelihood that the matter would be resolved on its merits. Accordingly, the Petition should be DISMISSED without prejudice for failure to prosecute.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

## CONCLUSION

For the foregoing reasons, the above captioned matter is dismissed without prejudice; and Judgment shall be entered accordingly. IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

As required by Fed. R. Civ. P. 58(a)(1), final judgment will be issued separately.

DATED: March 9, 2018

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE